———o———

STATE OF MISSOURI Defendant in Error, *vs.* JOHN R. KNOX, Plaintiff in Error.

1. *Money brokers—Licenses—Counties—State.*—Under the Statutes W. S., 247 § 1; *Id.,* 1196, § 76,) the county courts are empowered to levy taxes and exact licenses from money brokers, for State and county purposes.

*Error to Lincoln Circuit Court.*

*C. E. Peers,* for Respondent.

EWING, Judge, delivered the opinion of the court.

Defendant was indicted at the March Term, 1871, of the Lincoln Circuit Court, for carrying on the business of a money broker without a license.

The cause was submitted to the court upon the following agreed statement of facts, namely: That in March 1871, defendant was engaged in the business of money broker or exchange dealer, in the County of Lincoln; that about that time, the collector of Lincoln County demanded of him one hundred dollars for State and County licenses, fifty dollars of which was for the State and the remainder for the County, that the defendant tendered to the said collector the sum of fifty dollars for the State, which the collector refused to accept, but refused to pay the other amount claimed to be due the county, on the ground that the sheriff had no right to demand and the county no right to levy this tax in addition to the tax levied upon the capital, for county purposes. It was further agreed, that the only action taken by the County Court of Lincoln County in reference to the tax on money brokers and exchange dealers is an order of said court, dated December 21st, 1870, which is as follows: The court grant a license to John R. Knox to keep a money broker or exchange dealers office in Troy for six months, ending February 28th,

1871, by paying the County Collector the sum of fifty dollars for the State and fifty dollars for the County; that said order was made without the knowledge and not at the instance of the said Knox. It is further admitted, that the defendant pursued the business of money broker or exchange dealer without either State or County license. Upon these facts the court found the defendant guilty in manner and form as charged in the indictment, and assessed the fine at one thousand dollars. A motion for a new trial was overruled, and the cause is brought here by writ of error.

"No person or association of persons shall carry on the business of dealing in, or buying or selling, &c., any kind of bills of exchange, checks, draft bank notes, &c., without a license for that purpose continuing in force." (1 Wag. Stat.; 247, § 1, of chapter concerning Brokers.) "County Courts are empowered to levy such sums as may be annually necessary to defray the expenses of their respective counties, by a tax upon all property and licenses made taxable by law for State purposes." (2 Wag. Stat., 1196, § 76.)

Upon the facts admitted, defendant was clearly liable, and the fine was properly imposed. Judgment affirmed. The other Judges concur.